BY THE COURT.
If the facts omitted do not so explain the parts declared upon, as to make its meaning other than libellous, it may be admitted, but the plaintiff need only read what he relies upon, the defence can read the residue if they wish.
The plaintiff read that part of the publication declared on and rested.
WRIGHT, J. Thought the piece signed by the plaintiff admissible, as showing the provocation for defendant’s publication, and *526 the other also admissible on the same ground, if the court was satisfied it was the plaintiff’s.
Jolliff and Fishback for the plaintiff.
Fox contra.
COLLETT, C. J. Thought both inadmissible.
Defendant then offered to prove that a third person told him that he heard Demitt say that Newbraugh was not to he believed when under oath.
The plaintiff objected.
COLLETT, C. J. Was for admitting the evidence in mitigation of damages.
WRIGHT, J. If the defendant wish to prove the words true, or that he published them on the authority of another, he should have justified; but there is no plea of justification. If it be only designed to show circumstances inducing general belief in the truth of the charge, though not true, that would be admissible, but that is not the claim of the defendant; he only wants to prove that a stranger told him the plaintiff was not to be believed on oath. I think the evidence inadmissible: but as the court is divided the objection fails.
The witness then testified, that he heard Demitt say before the publication, “neither me nor mine shall stand security for that man, for I would not believe him under oath.”
Verdict for the plaintiff, $4.'¡’5.
The plaintiff moved for a new trial, because the damages are grossly inadequate.
COLLETT, C. J. Damages are for the jury; there is no certain measure of their amount. The case must be a strong one to induce the court to set aside a verdict because of the inadequacy of the damages. We do not think this case calls for our interference. Motion overruled.